UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20701 CR-COOKE

/GOODMAN

18 U.S.C. § 1951
21 U.S.C. § 846
18 U.S.C. § 924(c)
18 U.S.C. § 924(a)(1)(D)
18 U.S.C. § 924(d)(1)
21 U.S.C. § 853
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

UNITED STATES OF AMERICA

v.

JEAN MARRERO LARA,
RAONEL VALDEZ VALHUERDIS,
    a/k/a "Matojo,"
ALFREDO KINDELAN HERNANDEZ,
JORGE CONTINO VALHUERDIS,
LEONARDO MIGUEL GARCIA MORALES,
    a/k/a "El Padrino,"
    a/k/a "El Taliban,"
    a/k/a "Miguelito,"

    Defendants.

_____ /

## INDICTMENT

The Grand Jury charges:

## COUNT 1
### Conspiracy to Commit Hobbs Act Robberies
### 18 U.S.C. § 1951(a)

From on or around September 30, 2012, through on or about June 4, 2014, in Miami-Dade

and Broward Counties, in the Southern District of Florida, and elsewhere the defendants,

**JEAN MARRERO LARA,
RAONEL VALDEZ VALHUERDIS,
a/k/a "Matojo,"
ALFREDO KINDELAN HERNANDEZ,**

**JORGE CONTINO VALHUERDIS, and**
**LEONARDO MIGUEL GARCIA MORALES,**
a/k/a "El Padrino,"
a/k/a "El Taliban,"
a/k/a "Miguelito,"

did knowingly combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendants did plan to take United States currency and other property from persons engaged in interstate and foreign commerce, namely persons employed by businesses and companies operating in interstate commerce and foreign commerce, and persons engaged in illegal interstate and foreign commerce, namely, narcotics trafficking, against the will of those persons, by means of actual and threatened force, violence, and fear of injury to said persons, in violation of Title 18, United States Code, Section 1951(a).

<u>**COUNT 2**</u>
**Conspiracy to Possess with Intent to Distribute a Controlled Substance**
**21 U.S.C. § 846**

From on or about September 30, 2012, through on or about June 4, 2014, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JEAN MARRERO LARA,**
**RAONEL VALDEZ VALHUERDIS,**
a/k/a "Matojo,"
**ALFREDO KINDELAN HERNANDEZ,**
**JORGE CONTINO VALHUERDIS, and**
**LEONARDO MIGUEL GARCIA MORALES,**
a/k/a "El Padrino,"
a/k/a "El Taliban,"
a/k/a "Miguelito,"

did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

It is further alleged that the controlled substance involved in the conspiracy attributable to **JEAN MARRERO LARA, RAONEL VALDEZ VALHUERDIS, ALFREDO KINDELAN HERNANDEZ, JORGE CONTINO VALHUERDIS,** and **LEONARDO MIGUEL GARCIA MORALES,** as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

It is further alleged that the controlled substance involved in the conspiracy attributable to defendants **JEAN MARRERO LARA, JORGE CONTINO VALHUERDIS,** and **LEONARDO MIGUEL GARCIA MORALES** as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

It is further alleged that the controlled substance involved in the conspiracy attributable to each of the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT 3
### Attempted Hobbs Act Robbery
### 18 U.S.C. § 1951(a)

On or about September 30, 2012, in Broward County, in the Southern District of Florida, the defendants,

**JEAN MARRERO LARA,**
**RAONEL VALDEZ VALHUERDIS,**
**a/k/a "Matojo,"**
**ALFREDO KINDELAN HERNANDEZ, and**
**LEONARDO MIGUEL GARCIA MORALES,**
**a/k/a "El Padrino,"**
**a/k/a "El Taliban,"**
**a/k/a "Miguelito,"**

did knowingly and unlawfully attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "robbery" and "commerce" are defined in Title 18, United States Code, Section 1951(b)(1) and (b)(3), in that the defendants attempted to take United States currency and other property from persons and in the presence of persons engaged in interstate and foreign commerce, namely, narcotics trafficking, against the will of those persons, by means of actual and threatened force, violence, and fear of injury to said persons, in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT 4
### Brandishing a Firearm in Furtherance of a Crime of Violence
### 18 U.S.C. § 924(c)(1)(A)(ii)

On or about September 30, 2012, in Broward County, in the Southern District of Florida, the defendants,

**JEAN MARRERO LARA,**
**RAONEL VALDEZ VALHUERDIS,**
**a/k/a "Matojo,"**
**ALFREDO KINDELAN HERNANDEZ, and**
**LEONARDO MIGUEL GARCIA MORALES,**
**a/k/a "El Padrino,"**
**a/k/a "El Taliban,"**

**a/k/a "Miguelito,"**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did

knowingly possess a firearm in furtherance of a crime of violence, an offense for which the

defendant may be prosecuted in a court of the United States, that is, in violation of Title 18, United

States Code, Section 1951(a), as charged in Count 3 of this Indictment, in violation of Title 18,

United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that

the firearm was brandished.

## COUNT 5
### Hobbs Act Robbery
### 18 U.S.C. § 1951(a)

On or about October 12, 2012, in Miami-Dade County, in the Southern District of Florida,

the defendants,

**JEAN MARRERO LARA and**
**ALFREDO KINDELAN HERNANDEZ,**

did knowingly and unlawfully obstruct, delay, and affect commerce and the movement of articles

and commodities in commerce by means of robbery, as the terms "robbery" and "commerce" are

defined in Title 18, United States Code, Section 1951(b)(1) and (b)(3), in that the defendant took

United States currency and other property from a person and in the presence of a person employed

by Quri Wasi, Inc., a business and company operating in interstate and foreign commerce, against

the will of that person, by means of actual and threatened force, violence, and fear of injury to said

person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT 6
### Brandishing a Firearm in Furtherance of a Crime of Violence
### 18 U.S.C. § 924(c)(1)(A)(ii)

On or about October 12, 2012, in Miami-Dade County, in the Southern District of Florida, the defendants,

### JEAN MARRERO LARA and
### ALFREDO KINDELAN HERNANDEZ,

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendant may be prosecuted in a court of the United States, that is, in violation of Title 18, United States Code, Section 1951(a), as charged in Count 5 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

## COUNT 7
### Attempted Possession of a Controlled Substance with Intent to Distribute
### 21 U.S.C. § 846

On or about August 28, 2013, in Miami-Dade County, in the Southern District of Florida, the defendant,

### LEONARDO MIGUEL GARCIA MORALES,
### a/k/a "El Padrino,"
### a/k/a "El Taliban,"
### a/k/a "Miguelito,"

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

### COUNT 8
**Attempted Possession of a Controlled Substance with Intent to Distribute**
**21 U.S.C. § 846**

On or about May 28, 2014, in Miami-Dade County, in the Southern District of Florida, the defendants,

**JEAN MARRERO LARA and**
**JORGE CONTINO VALHUERDIS,**

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

### COUNT 9
**Attempted Possession of a Controlled Substance with Intent to Distribute**
**21 U.S.C. § 846**

On or about June 4, 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

**JORGE CONTINO VALHUERDIS,**

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), it is further alleged that this violation involved five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of property in which the defendants, **JEAN MARRERO LARA, RAONEL VALDEZ VALHUERDIS, a/k/a "Matojo," ALFREDO KINDELAN HERNANDEZ, JORGE CONTINO VALHUERDIS, and LEONARDO MIGUEL GARCIA MORALES, a/k/a "El Padrino," a/k/a "El Taliban," a/k/a "Miguelito,"** have an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Sections 924, or any other violation of criminal law, as alleged in this Indictment, the defendants shall each forfeit to the United States any firearm and ammunition involved or used in the commission of such violation, pursuant to Title 18, United States Code, Section 924(d)(1).

3.      Upon conviction of a violation of Title 21, United States Code, Sections 846, as alleged in this Indictment, the defendants shall each forfeit to the United States all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to Title 21, United States Code, Section 853(a).

4.      Upon conviction of a violation of Title 18, United States Code, Section 1951, as alleged in this Indictment, the defendants shall each forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to

Title 18, United States Code, Section 981(a)(1)(c), which is made criminally applicable by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d)(1), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

_____
IGNACIO J. VÁZQUEZ, JR.
ASSISTANT UNITED STATES ATTORNEY

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.

**17-20701**

v.

**CERTIFICATE OF TRIAL ATTORNEY***

JEAN MARRERO LARA ET AL.,

CR-COOKE

_____ /
Defendants.

**Superseding Case Information:**

**Court Division**: (Select One)

New Defendant(s)                Yes _____    No _____
Number of New Defendants        _____
Total number of counts          _____

__X__ Miami        _____ Key West
_____ FTL       _____ WPB    _____ FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:   (Yes or No)    NO
     List language and/or dialect   _____

4.   This case will take    10    days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

     (Check only one)                          (Check only one)

     I     0  to 5 days      _____    Petty       _____
     II    6  to 10 days     __X__ Minor            _____
     III   11  to 20 days    _____    Misdem.     _____
     IV    21 to 60 days     _____    Felony      __X__
     V     61 days and over  _____

6.   Has this case been previously filed in this District Court?   (Yes or No)    NO
     If yes:
     Judge:                                      Case No.
     (Attach copy of dispositive order)          _____
     Has a complaint been filed in this matter?   (Yes or No)    NO
     If yes:
     Magistrate Case No.                          _____
     Related Miscellaneous numbers:               _____
     Defendant(s) in federal custody as of        Jean Marrero Lara and Alfredo Kindelan Hernandez in 03/19/2015 under SDFL case number 15-cr-20169-JEM

     Defendant(s) in state custody as of          Raonel Valdez Valhuerdis 02/10/2017 State of Florida Case No. F12026437

     Rule 20 from the District of
     Is this a potential death penalty case? (Yes or No)    NO

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    Yes _____    No _____

                                        _____
                                        IGNACIO J. VAZQUEZ, JR.
                                        ASSISTANT UNITED STATES ATTORNEY
                                        FL Bar NO. 16275

*Penalty Sheet(s) attached

REV 5/3/17

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: JEAN MARRERO LARA**

**Case No:** _____

**Count #: 1**

Conspiracy to Commit Hobbs Act Robberies

Title 18, United States Code Section 1951(a)

**\* Max.Penalty:**   20 years' imprisonment

**Count #: 2**

Conspiracy to Possess with Intent to Distribute a Controlled Substance

Title 21, United States Code Section 846

**\*Max. Penalty:**   40 years' imprisonment

**Count #: 3**

Attempted Hobbs Act Robbery

Title 18, United States Code Section 1951(a)

**\*Max. Penalty:**   20 years' imprisonment

**Count #: 4 & 6**

Brandishing a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code Section 924(c)(1)(A)(ii)

**\*Max. Penalty:**   Life imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count  #: 5

Hobbs Act Robbery

Title 18, United States Code Section 1951(a)

**\*Max. Penalty:**   20 years' imprisonment

Count  #: 8

Attempted Possession of a Controlled Substance with Intent to Distribute

Title 21, United States Code Section 846

**\*Max. Penalty:**   40 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>**RAONEL VALDEZ VALHUERDIS**</u>

**Case No**: _____

Count  #: 1

<u>Conspiracy to Commit Hobbs Act Robberies</u>

<u>Title 18, United States Code Section 1951(a)</u>

**\* Max.Penalty**:    20 years' imprisonment

Count  #: 2

<u>Conspiracy to Possess with Intent to Distribute a Controlled Substance</u>

<u>Title 21, United States Code Section 846</u>

**\*Max. Penalty**:   40 years' imprisonment

Count  #: 3

<u>Attempted Hobbs Act Robbery</u>

<u>Title 18, United States Code Section 1951(a)</u>

**\*Max. Penalty**:   20 years' imprisonment

Count  #: 4

<u>Brandishing a Firearm in Furtherance of a Crime of Violence</u>

<u>Title 18, United States Code Section 924(c)(1)(A)(ii)</u>

**\*Max. Penalty**:   Life imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** **ALFREDO KINDELAN HERNANDEZ**

**Case No:** _____

Count #: 1

Conspiracy to Commit Hobbs Act Robberies

Title 18, United States Code Section 1951(a)

**\* Max.Penalty:** 20 years' imprisonment

Count #: 2

Conspiracy to Possess with Intent to Distribute a Controlled Substance

Title 21, United States Code Section 846

**\*Max. Penalty:** 40 years' imprisonment

Count #: 3

Attempted Hobbs Act Robbery

Title 18, United States Code Section 1951(a)

**\*Max. Penalty:** 20 years' imprisonment

Count #: 4 & 6

Brandishing a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code Section 924(c)(1)(A)(ii)

**\*Max. Penalty:** Life imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: JORGE CONTINO VALHUEDIS**

**Case No**: _____

Count  #: 1

Conspiracy to Commit Hobbs Act Robberies

Title 18, United States Code Section 1951(a)

**\* Max.Penalty:**   20 years' imprisonment

Count  #: 2

Conspiracy to Possess with Intent to Distribute a Controlled Substance

Title 21, United States Code Section 846

**\*Max. Penalty:**   40 years' imprisonment

Count  #: 8 & 9

Attempted Possession of a Controlled Substance with Intent to Distribute

Title 21, United States Code Section 846

**\*Max. Penalty:**   40 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: LEONARDO GARCIA MORALES**
**Case No**: _____

Count  #: 1

Conspiracy to Commit Hobbs Act Robberies

Title 18, United States Code Section 1951(a)

**\* Max.Penalty**:    20 years' imprisonment

Count  #: 2

Conspiracy to Possess with Intent to Distribute a Controlled Substance

Title 21, United States Code Section 846

**\*Max. Penalty**:   40 years' imprisonment

Count  #: 3

Attempted Hobbs Act Robbery

Title 18, United States Code Section 1951(a)

**\*Max. Penalty**:   20 years' imprisonment

Count  #: 4

Brandishing a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code Section 924(c)(1)(A)(ii)

**\*Max. Penalty**:   Life imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count   #: 7

Attempted Possession of a Controlled Substance with Intent to Distribute

Title 21, United States Code Section 846

**\*Max. Penalty:**   40 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**